IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION  14-0378-WS-M ) |
| IVY MARINE CONSULTANTS, L.L.C., | ) ) |
| Defendant. | ) |

ORDER

This matter is before the Court to resolve whether and to what extent a jury trial is provided.  The interested parties have filed briefs in support of their respective positions, (Docs. 38, 39, 42), and the issue is ripe for resolution.  After careful consideration, the Court concludes that no party is entitled to a jury trial on any claim.

BACKGROUND

According to the pleadings, Atlas Towing, LLC ("Atlas") owned the M/V Captain JJ, which it leased to Ivy Marine Consultants, L.L.C. ("Ivy").  The plaintiff issued Ivy a marine insurance policy, after which the vessel sank, sustaining damage exceeding its insured value.

The plaintiff filed this declaratory judgment action against Ivy, seeking a declaration that it has no obligation to pay for any damage to the vessel.  The complaint asserts the following:

> Jurisdiction of this Court is founded upon 28 U.S.C. § 1333 as this is an admiralty and maritime dispute and upon 28 U.S.C. § 1332 as this is a dispute between citizens of different states and involves an amount in controversy in excess of $75,000 exclusive of interest and costs.  This is also an admiralty and maritime claim

>within the meaning of Rule 9(h) of the Federal Rules of Civil
>Procedure for the United States District Courts.

(Doc. 1 at 2, ¶ 4).  The complaint did not demand a jury trial.

Ivy filed an answer admitting the allegations of paragraph 4 and demanding a jury trial.  (Doc. 14 at 1).  Ivy also filed a counterclaim demanding a jury trial, based on diversity of citizenship.  (Doc. 15 at 1).  The counterclaim asserts claims for breach of contract, bad faith refusal to pay/investigate, and negligent/wanton investigation of the loss.  (*Id*. at 4-8).

Atlas successfully moved to intervene.  (Docs. 25, 27).  Atlas filed a consolidated answer, counterclaim and third-party complaint.  (Doc. 28).  Atlas admitted diversity jurisdiction over the plaintiff's claim but was silent as to admiralty jurisdiction or Rule 9(h) regarding that claim.  (*Id*. at 2).  Atlas filed a counterclaim against the plaintiff, asserting the same claims as Ivy and basing jurisdiction on diversity.  (*Id*. at 9).  Atlas also filed a third-party complaint against Vice Construction Co. ("Vice"), as to which it based jurisdiction on diversity and admiralty and which it identified as "an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure."  (*Id*. at 2, 19).  Atlas demanded a jury trial as to its counterclaim but not as to its third-party claim.  (*Id*. at 17).

Prior to entry of a Rule 16(b) scheduling order, the parties asked the Magistrate Judge for guidance as to "whether a jury is allowed in this matter."  (Doc. 35 at 1).  The Magistrate Judge advised the parties that "[a] briefing order will be entered by Chief Judge Steele to address the issue of whether this action should be tried by a jury or by a judge alone."  (Doc. 36 at 7).  The Court did so, resulting in the briefing now under consideration.

## DISCUSSION

The Federal Rules of Civil Procedure "do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. P. 38(e).

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

*Id*. Rule 9(h).

"It is well settled that cases involving marine contracts give rise to admiralty jurisdiction." *St. Paul Fire and Marine Insurance Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1184 (11th Cir. 2009) (declaratory judgment action under a marine insurance policy). The parties agree that the plaintiff's claim falls within the Court's admiralty jurisdiction. Under Rule 9(h), it was thus proper for the plaintiff to designate its claim as an admiralty claim under that rule, and the language it used was adequate to the task. *E.g., Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1251 (5th Cir. 1975).

One consequence of a successful election under Rule 9(h) is to "preclude a defendant from exercising his right to trial by jury." *Lago Canyon*, 561 F.3d at 1187 (explaining *Harrison v. Flota Mercante Grancolombiana*, N.A., 577 F.2d 968, 986 (5th Cir. 1978)). In *Lago Canyon*, the defendant counterclaimed against the insurer for breach of contract, and the Eleventh Circuit held that the plaintiff's Rule 9(h) election precluded the defendant from obtaining a jury trial on its counterclaim. 561 F.3d at 1183, 185, 1189. Ivy (but not Atlas) concedes that the plaintiff's claim, and their counterclaims, are immune from jury trial if the plaintiff successfully elected to proceed under Rule 9(h). (Doc. 39 at 4). But both Ivy and Atlas deny that the plaintiff did so. (*Id*. at 2; Doc. 38 at 2, 6).

As noted, before identifying its claim as an admiralty and maritime claim within the meaning of Rule 9(h), the plaintiff stated that jurisdiction is founded on both admiralty (Section 1333) and diversity (Section 1332). Ivy and Atlas argue that, by invoking diversity jurisdiction in addition to admiralty jurisdiction, the plaintiff nullified its Rule 9(h) election. (Doc. 38 at 6; Doc. 39 at 4-6).

"[I]n this circuit a plaintiff who asserts admiralty jurisdiction as a basis for the court's subject matter jurisdiction over a claim has automatically elected under Rule 9(h) to proceed under the admiralty rules, even if she states that her claim is also cognizable under diversity or some other basis of federal subject matter jurisdiction." *Luera v. M/V Alberta*, 635 F.3d 181, 189 (5th Cir. 2011).[1] Ivy acknowledges *Luera* but reminds the Court it is not binding authority in this Circuit. (Doc. 39 at 5-6). True enough, but *Romero* is, and it states that "the 9(h) designation is necessary only when alternative grounds are pleaded." 515 F.2d at 1252. Ivy admits it knows of no controlling case to the contrary. (Doc. 39 at 6). The Court concludes that the plaintiff did not negate its Rule 9(h) designation simply by acknowledging the existence of diversity jurisdiction.[2]

Atlas takes another tack, noting that the *Leura* Court permitted the plaintiff to designate only her in rem claims as within Rule 9(h), while retaining a jury trial

---

[1] *Accord Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 345 (3rd Cir. 1991) (Rule 9(h) election valid where complaint asserted both admiralty and diversity jurisdiction); *Gilmore v. Waterman Steamship Corp.*, 790 F.2d 1244, 1246 (5th Cir. 1986) (where the complaint "asserted both admiralty and diversity jurisdiction," the trial court "correctly characterized this action as an admiralty case in which the plaintiff had no right to a jury trial"); *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587-88 (5th Cir. 1983); *Owens-Illinois, Inc. v. United States District Court*, 698 F.2d 967, 972 (9th Cir. 1983) ("Where plaintiff alleges both admiralty and diversity as bases for federal jurisdiction, pursuant to Fed.R.Civ.P. 9(h) he has the right to elect to have his admiralty claim adjudicated under admiralty procedures, including a bench trial, by identifying his claim as lying in admiralty.").

[2] A Rule 9(h) designation presupposes a second ground of jurisdiction since, if only admiralty jurisdiction exists, the plaintiff necessarily relies on that ground. "A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated." Fed. R. Civ. P. 9(h).

on her in personam claims.[3] But saying a plaintiff can make a Rule 9(h) election for less than all her claims is a far cry from saying a defendant can obtain a jury trial on a counterclaim after the plaintiff has made a Rule 9(h) election on the very claim from which the counterclaim springs.[4] The Court is unable to make the intellectual leap to which Atlas invites it, which appears to run directly counter to *Lago Canyon*.[5]

## CONCLUSION

For the reasons set forth above, the Court concludes that no party is entitled to a jury trial on any claim asserted in this action. The plaintiff requests that the jury demands made by Ivy and Atlas be stricken. (Doc. 42 at 1, 9). The Court construes the request as a motion. So construed, the motion is **granted**. The jury demands made by Ivy and Atlas are **stricken**. This action will proceed as a non-jury action in its entirety.

DONE and ORDERED this 5th day of May, 2015.

                           s/ WILLIAM H. STEELE
                           CHIEF UNITED STATES DISTRICT JUDGE

---

[3] "[T]he specific issue presented in this case …is whether the plaintiff automatically makes a Rule 9(h) election to proceed under the admiralty rules when she specifically asserts only diversity jurisdiction for one claim in the same complaint as a separate claim cognizable only under admiralty jurisdiction." *Leura*, 635 F.3d at 189.

[4] Atlas admits that "all claims in this case … involve the same set of facts …." (Doc. 38 at 4).

[5] Atlas suggests that "the Fifth Circuit in *Leura* supplanted its 1978 *Harrison* decision, and the underpinning for the Eleventh Circuit's *Lago Canyon* decision collapsed." (Doc. 38 at 5). In fact, *Leura* did not cite or acknowledge *Harrison* and, as discussed in text, *Leura* did not involve or address the effect on a counterclaim of a plaintiff's designation under Rule 9(h). Even had it done so, the Court would be bound by *Harrison* and *Lago Canyon* regardless of any chink in their analytical armor.